IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

FEB 1 2 2009

Michael N. Milby, Clerk

| | |
|---|---|
| LILLIE ANN LOPEZ AND JANA YOUNG, Plaintiffs, | § § § § |
| vs. | § § § |
| CITY OF HOUSTON, PETER BROWN, SUE LOVELL, MELISSA NORIEGA, RONALD GREEN, JOLANDA JONES, TONI LAWRENCE, JARVIS JOHNSON, ANNE CLUTTERBUCK, WANDA ADAMS, MIKE SULLIVAN, M.J. KAHN, PAM HOLM, JAMES G. RODRIGUEZ, BILL WHITE, AND ANNISE D. PARKER, Defendants. | § § § § § § § § § § § § |

H-09-420

CIVIL ACTION NO. _____
JURY TRIAL

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW LILLIE ANN LOPEZ and JANA YOUNG, Plaintiffs in the above styled and numbered cause, complaining of CITY OF HOUSTON, PETER BROWN, SUE LOVELL, MELISSA NORIEGA, RONALD GREEN, JOLANDA JONES, TONI LAWRENCE, JARVIS JOHNSON, ANNE CLUTTERBUCK, WANDA ADAMS, MIKE SULLIVAN, M.J. KAHN, PAM HOLM, JAMES G. RODRIGUEZ, BILL WHITE, and ANNISE D. PARKER (collectively, "DEFENDANTS") and would respectfully show the Court as follows:

### I.
### INTRODUCTION

1.  This action is filed pursuant to § 5 of the Voting Rights Act of 1965, *42 U.S.C. § 1973c*, as amended by Public Law 109-246, *120 Stat. 577* on July 27, 2006, and

officially published on the United States Government Printing Office Access website on August 24, 2006 (hereinafter cited as § 5 of the Voting Rights Act of 1965, *42 U.S.C. § 1973c*). This action seeks declaratory and injunctive relief to address the failure to add two single-member City Council districts in compliance with a preclearance plan pursuant to § 5 of the Voting Rights Act of 1965, *42 U.S.C. § 1973c*, by the Defendant, CITY OF HOUSTON.

## II.
## JURISDICTION & VENUE

2. This Court has jurisdiction over this action pursuant to § 5 of the Voting Rights Act of 1965, *42 U.S.C. § 1973c, 28 U.S.C. §§ 1331, 1343(3)* and (4) and *28 U.S.C. § 2201*. Venue is proper in this district under 28 U.S.C. §1391(b)(1) because all of the defendants reside in this district and in this state. Furthermore, venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## III.
## PARTIES

3. Plaintiff LILLIE ANN LOPEZ is a citizen of the United States and is a registered voter living in the City of Houston, Harris County, Texas. Plaintiff is also a member of a class consisting of those citizens of Spanish heritage who are eighteen years and older and eligible to vote and those citizens who are registered voters whose rights under § 5 of the 1965 Voting Rights Act, *42 U.S.C. § 1973c*, have and continue to be violated as the result of DEFENDANTS' actions.

4. Plaintiff JANA YOUNG is a citizen of the United States and is a registered voter living in the City of Houston, Harris County, Texas. Plaintiff is also a member of a

2

class consisting of those citizens of African American heritage who are eighteen years and older and eligible to vote and those citizens who are registered voters whose rights under § 5 of the 1965 Voting Rights Act, *42 U.S.C. § 1973c*, have and continue to be violated as the result of DEFENDANTS' actions.

5. Defendant CITY OF HOUSTON is a governmental entity organized pursuant to the laws of the State of Texas and is a political subdivision subject to the requirements of § 5 of the Voting Rights Act, *42 U.S.C. § 1973c*. The City of Houston may be served by serving Anna Russell, City Secretary, at the Office of the City Secretary, City Hall Annex, 901 Bagby, Room P101, Houston, Texas 77002.

6. Defendant PETER BROWN is an individual residing in Harris County, Texas and a member of the Houston City Council. He may be served at his office at City Hall located at 900 Bagby, City Hall Annex, First Floor, Houston, Texas 77002 or his residence.

7. Defendant SUE LOVELL is an individual residing in Harris County, Texas and a member of the Houston City Council. She may be served at her office at City Hall located at 900 Bagby, City Hall Annex, First Floor, Houston, Texas 77002 or her residence.

8. Defendant MELISSA NORIEGA is an individual residing in Harris County, Texas and a member of the Houston City Council. She may be served at her office at City Hall located at 900 Bagby, City Hall Annex, First Floor, Houston, Texas 77002 or her residence.

9. Defendant RONALD GREEN is an individual residing in Harris County, Texas and a member of the Houston City Council. He may be served at his office at City

Hall located at 900 Bagby, City Hall Annex, First Floor, Houston, Texas 77002, or his residence.

10. Defendant JOLANDA JONES is an individual residing in Harris County, Texas and a member of the Houston City Council. She may be served at her office at City Hall located at 900 Bagby, City Hall Annex, First Floor, Houston, Texas 77002, or her residence.

11. Defendant TONI LAWRENCE is an individual residing in Harris County, Texas and a member of the Houston City Council. She may be served at her office at City Hall located at 900 Bagby, City Hall Annex, First Floor, Houston, Texas 77002, or her residence.

12. Defendant JARVIS JOHNSON is an individual residing in Harris County, Texas and a member of the Houston City Council. He may be served at his office at City Hall located at 900 Bagby, City Hall Annex, First Floor, Houston, Texas 77002, or his residence.

13. Defendant ANNE CLUTTERBUCK is an individual residing in Harris County, Texas and a member of the Houston City Council. She may be served at her office at City Hall located at 900 Bagby, City Hall Annex, First Floor, Houston, Texas 77002, or her residence.

14. Defendant WANDA ADAMS is an individual residing in Harris County, Texas and a member of the Houston City Council. She may be served at her office at City Hall located at 900 Bagby, City Hall Annex, First Floor, Houston, Texas 77002, or her residence.

15. Defendant MIKE SULLIVAN is an individual residing in Harris County, Texas and a member of the Houston City Council. He may be served at his office at City Hall located at 900 Bagby, City Hall Annex, First Floor, Houston, Texas 77002, or his residence.

16. Defendant M.J. KAHN is an individual residing in Harris County, Texas and a member of the Houston City Council. He may be served at his office at City Hall located at 900 Bagby, City Hall Annex, First Floor, Houston, Texas 77002, or his residence.

17. Defendant PAM HOLM is an individual residing in Harris County, Texas and a member of the Houston City Council. She may be served at her office at City Hall located at 900 Bagby, City Hall Annex, First Floor, Houston, Texas 77002, or her residence.

18. Defendant JAMES G. RODRIGUEZ is an individual residing in Harris County, Texas and a member of the Houston City Council. He may be served at his office at City Hall located at 900 Bagby, City Hall Annex, First Floor, Houston, Texas 77002, or his residence.

19. Defendant BILL WHITE is an individual residing in Harris County, Texas and the Mayor of the City of Houston. He may be served at the Office of the Mayor, 901 Bagby, Houston, Texas 77002, or his residence.

20. Defendant ANNISE D. PARKER is an individual residing in Harris County, Texas and the Controller of the City of Houston. She may be served at the Office of the Controller, 901 Bagby, Houston, Texas 77002, or her residence.

## IV.
## FACTS

21. Defendant CITY OF HOUSTON conducts elections in Houston, Texas.

22. Defendants PETER BROWN, SUE LOVELL, MELISSA NORIEGA, RONALD GREEN, JOLANDA JONES, TONI LAWRENCE, JARVIS JOHNSON, ANNE CLUTTERBUCK, WANDA ADAMS, MIKE SULLIVAN, M.J. KAHN, PAM HOLM, and JAMES G. RODRIGUEZ are members of CITY OF HOUSTON'S City Council.

23. Defendant BILL WHITE is Mayor of CITY OF HOUSTON.

24. Defendant ANNISE D. PARKER is Controller of CITY OF HOUSTON.

25. Defendant CITY OF HOUSTON is a covered jurisdiction under § 5 of the Voting Rights Act, *42 U.S.C. § 1973c* and must secure approval or preclearance before enacting or seeking to administer any voting qualifications or prerequisites to voting, or standards, practices, or procedures with respect to voting that are different from those that were in force or effect on November 1, 1972, the date upon which § 5 coverage for Defendant began. A voting qualification or prerequisite to voting, or standard, practice, or procedure subject to approval pursuant to § 5 of the Voting Rights Act, *42 U.S.C. § 1973c*, is hereinafter referred to as a "change(s) affecting voting."

26. A covered jurisdiction is a political subdivision and a political subunit subject to the preclearance requirements of § 5 of the Voting Rights Act, *42 U.S.C. § 1973c*. A covered jurisdiction can secure § 5 preclearance from either the United States Attorney General or the United States District Court for the District of Columbia. Under the administrative proceeding before the United States Attorney General or the judicial proceeding seeking a declaratory judgment before the United States District Court for the

District of Columbia, the covered jurisdiction must demonstrate that the proposed change affecting voting does not have the purpose and will not have the effect of denying or abridging the right to vote on account of race or color, or membership in a language minority group. Once preclearance has been obtained the failure to comply with the order is illegal under the Voting Rights Act. Absent compliance with preclearance pursuant to § 5 of the Voting Rights Act, *42 U.S.C. § 1973c*, the change affecting voting cannot be implemented or enforced in any elections. *28 C.F.R. § 51.10*.

27. In 1979, Defendant CITY OF HOUSTON agreed to a preclearance plan with the Department of Justice and incorporated the terms of that agreement, as required, in the City of Houston Charter. The preclearance plan provided for nine City Council members to be elected from single-member districts, and six to be chosen at large including the mayor. Additionally, CITY OF HOUSTON agreed to create two more single-member City Council Districts J and K once the population of the city reached 2.1 million persons. CITY OF HOUSTON's population reached 2.1 million persons in 2006, yet DEFENDANTS have not created the additional single-member J and K districts. In fact, CITY OF HOUSTON estimated the population to be 2,231,335, as of January 1, 2007. *See* "Exhibit A" attached hereto and incorporated by reference. Further, according to the U.S. Census Bureau, CITY OF HOUSTON's population was 2,208,180 as of July 1, 2007. *See* "Exhibit B" attached hereto and incorporated by reference.

28. This Complaint alleges that the results of municipal elections held in affected jurisdictions after 2006, when the CITY OF HOUSTON reached a population of 2.1 million people, are void and unenforceable because they fail to reflect the addition of the two single-member City Council districts agreed to by CITY OF HOUSTON and

pursuant to § 5 of the Voting Rights Act, *42 U.S.C. § 1973c*. Furthermore, any future elections similarly failing to reflect CITY OF HOUSTON's obligations under § 5 of the Voting Rights Act, *42 U.S.C. § 1973c*, are void and unenforceable.

29. Upon information and belief, Defendant CITY OF HOUSTON has adopted, approved, and implemented election results that fall outside of their preclearance agreement. Further, DEFENDANTS are attempting to circumvent their preclearance obligations by proposing a City Council Request for Action Item (*see* "Exhibit C" attached hereto and incorporated by reference) to be considered next week, without the required preclearance from the Department of Justice for that very agenda item in that it affects the voting rights of a significant portion of the population of the city of Houston and is in itself another violation of § 5 of the Voting Rights Act, *42 U.S.C. § 1973c*. This is an unusual attempt to roll <u>back</u> the official census numbers of Houston to 1,953,631, in spite of official communications to the CITY OF HOUSTON in 2006 by the U.S. Census Bureau accepting the CITY OF HOUSTON's very own challenge to increase the number to 2,076,189. *See* "Exhibit D" attached hereto and incorporated by reference.

30. Plaintiffs seek an Order enjoining DEFENDANTS from engaging in any elections conducted for the CITY OF HOUSTON and any elections requiring voter approval of any issues and measures related to the governance of CITY OF HOUSTON until additional representatives specified in paragraphs eight (8) and (9) of this Complaint have been added, and any other illegal activities ceased, so that CITY OF HOUSTON comports with § 5 of the Voting Rights Act, *42 U.S.C. § 1973c*.

## V.
## REQUEST TO CONVENE A THREE JUDGE COURT

31. Pursuant to § 5 of the Voting Rights Act, *42 U.S.C. § 1973c*, the convening of a Three Judge Court is requested.

## VI.
## CLAIM FOR RELIEF

32. Plaintiffs reallege paragraphs twenty one (21) through thirty (30) above and incorporate the same as though fully set forth herein.

33. Plaintiffs allege that the failure of DEFENDANTS to fulfill their preclearance obligations pursuant to § 5 of the Voting Rights Act, *42 U.S.C. § 1973c* specified in paragraphs twenty five (25) through thirty (30) of this Complaint constitutes a violation of § 5 of the Voting Rights Act, *42 U.S.C. § 1973c* and renders the DEFENDANTS' elections since 2006, or the date the population reached 2.1 million persons, void and unenforceable.

## VII.
## DECLARATORY AND INJUNCTIVE RELIEF

34. Plaintiffs reallege paragraphs twenty one (21) through (30) above and incorporate the same as though fully set forth herein.

35. This is also an action for declaratory, preliminary and permanent injunctive relief sought pursuant to *28 U.S.C. §§ 2201* and *2202*, and *Fed. R. Civ. Pro. 57* and *65*. Plaintiffs seek a declaration that the failure of DEFENDANTS to fulfill their preclearance obligations that are specified in paragraphs twenty five (25) through thirty (30) of this Complaint constitutes a violation of § 5 of the Voting Rights Act, *42 U.S.C. § 1973c*, thereby making injunctive relief appropriate. Unless enjoined, DEFENDANTS will continue with the enforcement and implementation of legally void and unenforceable

9

elections affecting the rights of language, racial, and ethnic minority groups residing in the city of Houston, Harris County, Texas in continued violation of § 5 of the Voting Rights Act, *42 U.S.C. § 1973c.*

## VIII.
## BASIS FOR EQUITABLE RELIEF

36. Plaintiffs have no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and this suit for declaratory and injunctive relief is their only means of securing adequate redress from the unlawful practices of DEFENDANTS. Plaintiffs will continue to suffer irreparable injury from the acts, policies, and practices of DEFENDANTS set forth herein unless enjoined by this Court.

## IX.
## PRAYER

37. WHEREFORE, Plaintiffs respectfully pray that this Court enter judgment granting Plaintiffs:

> a. A declaration that DEFENDANTS' failure to conduct voting in compliance with preclearance obligations within the meaning of § 5 of the Voting Rights Act of 1965, *42 U.S.C. § 1973c*, renders elections legally void and unenforceable absent the requisite § 5 preclearance compliance;
>
> b. A permanent injunction restraining and enjoining DEFENDANTS and their officers, agents, employees, attorneys, and successors in office and all other persons in active concert and participation from any further actions violating preclearance obligations pursuant to § 5 of the Voting Rights Act, *42 U.S.C. § 1973c*;

c. An Order enjoining any elections conducted for Defendant CITY OF HOUSTON, any elections requiring voter approval of any issues or measures related to the governance of CITY OF HOUSTON, and/or any certifications or other actions to finalize the results of said elections until the DEFENDANTS have fulfilled their preclearance obligations under § 5 of the Voting Rights Act, *42 U.S.C. § 1973c*;

d. An Order granting Plaintiffs their costs of court, related non-taxable expenses, necessary litigation expenses, and reasonable attorneys' fees to be adjudged against the DEFENDANTS as provided under *42 U.S.C. §§ 1973* 1(e) and 1988;

e. An Order retaining jurisdiction to render such further and additional Orders as the court may, from time to time, deem appropriate;

f. An Order granting such other additional relief at law or in equity as may be deemed appropriate.

Respectfully submitted,

By: _____
Vidal G. Martinez
State Bar Number: 13144650
USDC/SDTX Federal Bar Number: 4190
Carroll G. Robinson
State Bar Number: 17086900
USDC/SDTX Federal Bar Number: 15467
1001 McKinney, Suite 1800
Houston, Texas 77002-6417
Telephone: (713) 222-6025
Facsimile: (713) 221-1212
ATTORNEYS FOR PLAINTIFFS
LILLIE ANN LOPEZ AND JANA YOUNG



# CITY OF HOUSTON
Planning & Development
Department

**Interoffice**

Correspondence

To: Mayor Bill White

From: Marlene L. Gafrick, Director

Date: February 13, 2007

Subject: **2007 Population Estimate**

For eleven years the Planning and Development Department has been releasing current population estimates for the City of Houston based on the US Census Bureau figures, the periodic updates completed by the Texas State Data Center (TSDC) and the City's building permit data.

This year we estimate the population of the City, as of January 1, 2007, to be **2,231,335**\*\*.

Our current estimate is based on the Housing Unit Method as used by the US Census Bureau for its annual city/town and county population estimates. This method rests on the assumption that changes in the number of occupied housing units reflect changes in population. The estimate of change in the number of housing units in an area in the post-censal period is derived from various kinds of data reflecting new residential construction and losses in the housing inventory, e.g., building and demolition permits. The estimated population using the housing unit method is 2,123,756.

Due to the extraordinary circumstance of Hurricanes Katrina and Rita in 2005, the Planning Department had to modify its method of estimation by adding the estimated population of evacuee families currently residing in Houston. There are 107,579 individuals estimated to be living in the Houston area.

As a comparison, the estimated population for the City of Houston for January 1, 2006 was 2,198,883.

Please let me know if you have any questions or need additional information. As always, we welcome the opportunity to be of assistance to you.

\*\* This estimate is derived by using the housing unit method and then adding information received from the US Postal Service's Changes of Address on individuals that relocated due to Hurricanes Katrina and Rita.

MLG:BB

xc:  Michael Moore, Chief of Staff
Richard Lapin, Deputy Chief of Staff for Administration
Arturo Michel, City Attorney
Susan Taylor, Deputy City Attorney
Chief Harold Hurtt, Houston Police Department



EXHIBIT A

2/8/2009     Texas by Place - GCT-T1-R. Population ...



EXHIBIT B

**U.S. Census Bureau**
American FactFinder



### Texas -- Place
**GCT-T1-R. Population Estimates (geographies ranked by estimate)**
Data Set: **2007 Population Estimates**

Note: For information on errors stemming from model error, sampling error, and nonsampling error, see: http://www.census.gov/popest/topics/methodology. NOTE: For information on errors stemming from model error, sampling error, and nonsampling error, see: http://www.census.gov/popest/topics/methodology.

| Rank | Geographic area | Population Estimates |  |  |  |  |  |  |  | Estimates Base | Census 2000 |
|---|---|---|---|---|---|---|---|---|---|---|---|
|  |  | July 1, 2007 | July 1, 2006 | July 1, 2005 | July 1, 2004 | July 1, 2003 | July 1, 2002 | July 1, 2001 | July 1, 2000 | April 1, 2000 | April 1, 2000 |
|  | Texas | 23,904,380 | 23,407,629 | 22,843,999 | 22,454,811 | 22,085,973 | 21,730,350 | 21,340,494 | 20,948,843 | 20,851,799 | 20,851,820 |
|  | **PLACE** |  |  |  |  |  |  |  |  |  |  |
| 1 | Houston city | 2,208,180 | 2,169,248 | 2,076,189 | 2,058,928 | 2,033,383 | 2,012,674 | 1,994,784 | 1,978,356 | 1,974,304 | 1,953,631 |
|  | Fort Bend County (part) | 37,846 | 36,925 | 35,417 | 35,200 | 34,692 | 34,307 | 33,983 | 33,665 | 33,586 | 33,384 |
|  | Harris County (part) | 2,169,751 | 2,131,819 | 2,040,286 | 2,023,216 | 1,998,196 | 1,977,884 | 1,960,328 | 1,944,229 | 1,940,260 | 1,919,789 |
|  | Montgomery County (part) | 583 | 504 | 486 | 512 | 495 | 483 | 473 | 462 | 458 | 458 |
| 2 | San Antonio city | 1,328,984 | 1,296,304 | 1,262,858 | 1,242,300 | 1,220,317 | 1,200,682 | 1,177,807 | 1,163,882 | 1,159,833 | 1,144,646 |
|  | Bexar County (part) | 1,328,980 | 1,296,300 | 1,262,855 | 1,242,298 | 1,220,315 | 1,200,681 | 1,177,806 | 1,163,881 | 1,159,833 | 1,144,646 |
|  | Comal County (part) | 4 | 4 | 3 | 2 | 2 | 1 | 1 | 1 | 0 | 0 |
| 3 | Dallas city | 1,240,499 | 1,227,894 | 1,213,608 | 1,207,230 | 1,204,333 | 1,205,562 | 1,204,129 | 1,190,784 | 1,188,589 | 1,188,580 |
|  | Collin County (part) | 49,311 | 49,011 | 48,483 | 48,042 | 47,425 | 46,988 | 46,571 | 45,387 | 45,155 | 45,155 |
|  | Dallas County (part) | 1,165,163 | 1,153,743 | 1,140,795 | 1,135,155 | 1,133,259 | 1,135,333 | 1,134,667 | 1,122,996 | 1,121,140 | 1,121,131 |
|  | Denton County (part) | 25,490 | 24,699 | 23,964 | 23,734 | 23,433 | 23,099 | 22,811 | 22,369 | 22,273 | 22,273 |
|  | Kaufman County (part) | 328 | 269 | 221 | 177 | 124 | 76 | 37 | 7 | 0 | 0 |
|  | Rockwall County (part) | 207 | 172 | 145 | 122 | 92 | 66 | 43 | 25 | 21 | 21 |
| 4 | Austin city | 743,074 | 725,426 | 703,592 | 691,292 | 681,289 | 678,219 | 678,419 | 664,756 | 659,948 | 656,562 |
|  | Hays County (part) | 324 | 224 | 133 | 70 | 14 | 14 | 13 | 13 | 13 | (X) |
|  | Travis County | 727,195 | 710,326 | 689,227 | 677,523 | 668,025 | 665,281 | 665,653 | 652,784 | 648,064 | 644,752 |

| SUBJECT: Ordinance determining the population of the City and each Council district and finding that the population of the Council districts is not materially unbalanced | Category # | Page 33 1 of 1 | Agenda Item # 17 |
|---|---|---|---|

| FROM (Department or other point of origin): Planning and Development Department | Origination Date January 21, 2009 | Agenda Date FEB 0 4 2009 ~~JAN 2 8 2009~~ |
|---|---|---|

| DIRECTOR'S SIGNATURE: Marlene L. Hafrich by WW | Council District affected: ALL |
|---|---|

| For additional information contact:  Margaret Wallace Phone: 713-837-7826 | Date and identification of prior authorizing Council action: 2007-0538 May 2, 2007 |
|---|---|

**RECOMMENDATION:** (Summary)

That City Council adopt the ordinance determining the population of the City and of each Council district and finding that the population of the Council districts is not materially unbalanced

| Amount and Source of Funding: NA | Finance Budget: |
|---|---|

**SPECIFIC EXPLANATION:**

Article V, Section 3 of the City Charter provides that in each year during which a City General Election is to be held, the City Council shall determine the population of the City and of each Council district, and determine whether the population of the Council districts is materially unbalanced. Data from the most recent (2000) census is used in determining the population of the City and its districts for this purpose.

The Department of Planning and Development has determined the 2000 Census population found within our current boundaries to be 1,953,631, with an average district population of 217,070. The variation in population from largest district to smallest district, 19,783, is the same as it was at the end of the 2001 redistricting, as shown by the attached exhibit. That total variation is 9.15% of the population of the average district population, which is within the range of acceptable variation. The City Council districts, therefore, are not materially unbalanced within the meaning of the City Charter.

It is recommended the City Council pass an ordinance determining the population of the City and each Council district and determining them not to be materially unbalanced.

Copy:  Marty Stein, Agenda Director
       Arturo G. Michel, Legal
       Anna Russell, City Secretary

**REQUIRED AUTHORIZATION**

| Finance Director: | Other Authorization: | Other Authorization: |
|---|---|---|

EXHIBIT C



**UNITED STATES DEPARTMENT OF COMMERCE**
Economics and Statistics Administration
**U.S. Census Bureau**
Washington, DC 20233-0001

OCT 2 0 2006

The Honorable Bill White
P.O. Box 1562
Houston, Texas 77251

Dear Mayor White:

Thank you for providing the requested materials for your informal challenge of the U.S. Census Bureau's July 1, 2005 population estimate of 2,016,582 for the City of Houston, Texas. Your involvement in the estimates process is appreciated.

We have completed our review of the submitted data and are pleased to inform you that we have accepted your challenge. We are changing the July 1, 2005 population estimate for the City of Houston from 2,016,582 to 2,076,189. Please note that this number is 85 higher than what was submitted in your challenge package. This difference was due to the addition of group quarters population from the Fort Bend County part and Montgomery County part of the city. We have contacted Marlene Gafrick, Director of the Planning & Development Department, and explained the reason for this difference.

We also will post the revised estimate on the challenge page of the Census Bureau's Population Estimates Program located at: *http://www.census.gov/popest/archives/2000s/2005/05s_challenges.html*

If you have additional questions regarding your challenge or population estimates, please contact either Mr. Greg Harper or Mr. Jonathan Takeuchi on (301) 763-2461. Our staff stands ready to assist you.

Sincerely,

Enrique J. Lamas
Chief, Population Division

cc: Dr. Steve Murdock



EXHIBIT D