IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LILLIE ANN LOPEZ and JANA YOUNG,§ | |
| §  | |
| Plaintiffs,   § | |
| §  | |
| v.  § | CIVIL ACTION NO. H-09-0420 |
| §  | |
| CITY OF HOUSTON, et al.,   § | |
| §  | |
| Defendants.   § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is Plaintiffs' Motion to Alter the Court's Memorandum Opinion and Order and Final Judgment (Docket Entry No. 32).  The plaintiffs have also filed a Supplemental Memorandum in Support of Their Motion to Alter the Court's Memorandum Opinion and Order and Final Judgment (Docket Entry No. 33).  In opposition to the plaintiffs' motion, the defendants filed City's Response to Plaintiffs' Motion to Alter the Court's Memorandum Opinion and Judgment (Docket Entry No. 34).  Plaintiffs then filed a Reply to Defendant's Response to the Motion to Alter the Court's Memorandum Opinion and Final Judgment (Docket Entry No. 35).  For the reasons explained below, the court will deny the plaintiffs' motion to alter the court's judgment.

## I.  Background

The plaintiffs, Lillie Ann Lopez and Jana Young, initiated this action against the City of Houston, each of the individual members of the Houston City Council, the Mayor, and the City

Controller on February 12, 2009.[1]  On March 4, 2009, the defendants
filed a motion to dismiss for lack of subject matter jurisdiction
and failure to state a claim for which relief could be granted and
a brief in support.[2]  On March 24, 2009, the plaintiffs filed a
First Amended Complaint.[3]  Defendants then supplemented their
motion to dismiss on April 10, 2009.[4]

Although the plaintiffs' claims were premised on violations of
the federal Voting Rights Act ("VRA") and the United States
Constitution, they were all related to two provisions of the City
of Houston Charter.  Article V, § 2 of the City Charter requires
the Houston City Council to add two new members, thereby increasing
the size of the Council from fourteen to sixteen members, "upon any
determination of the population of the City pursuant to this
Charter" indicating that the City's population is 2,100,000 persons or
more.[5]  Article V, § 3 of the Charter requires the City Council to
"conduct an investigation and determine the population of the City and
the population of each of the districts from which District Council
Members are to be elected" in each election year.  The population
determination "shall be based upon the best available data, including,

---

[1]Complaint, Docket Entry No. 1.

[2]Defendants' Motion to Dismiss, Docket Entry No. 4; Brief in
Support of Defendants' Motion to Dismiss, Docket Entry No. 5.

[3]Plaintiffs' First Amended Complaint, Docket Entry No. 24.

[4]Defendants' Supplemental Motion to Dismiss, Docket Entry No.
27; Defendants' Reply Brief in Support of Its Motion to Dismiss,
Docket Entry No. 28.

[5]A copy of Article V of the City of Houston Charter is
included in Plaintiffs Lillie Ann Lopez and Jana Young's Memorandum
in Response to Defendants' Motion to Dismiss, Docket Entry No. 25,
at Exhibit A.

but not limited to, the most recent federal census." City of Houston
Charter, art. V, § 3.

The plaintiffs alleged that Houston's population surpassed the 2.1
million person barrier no later than 2007, and that a determination had
been made by the City Controller pursuant to the Charter to that
effect. The City Council, however, in February of 2009, passed an
ordinance determining that the City's population was 1,953,631.[6]
Therefore, the Council did not implement an increase in the size of the
City Council for the City elections scheduled for November of 2009.
The Council's February 2009 population determination was based solely
on population data from the 2000 federal census.   The plaintiffs
alleged that these actions by the Council amounted to violations of §
2 and § 5 of the VRA, as well as the Fourteenth and Fifteenth
Amendments to the United States Constitution, and sought declaratory
and injunctive relief.

The court issued a Memorandum Opinion and Order on May 22, 2009,
ruling on the defendants' motion to dismiss.[7]  The court concluded that
it had subject matter jurisdiction, but that the plaintiffs had failed
to state a claim for which relief could be granted.   Accordingly, the
court granted the defendants' motion to dismiss.  The court concluded
that plaintiffs' claims under § 5 of the VRA were foreclosed by prior
case law or were otherwise wholly insubstantial and completely without
merit.  Therefore, the court did not convene a three-judge court before

---

[6]See Minutes of Houston City Council, No. 2009-0072-1, at 32
(Feb. 18, 2009) (included in Plaintiffs' First Amended Complaint,
Docket Entry No. 24, at Exhibit C).

[7]Memorandum Opinion and Order, Docket Entry No. 30.

dismissing them.[8]  The court noted that it had the discretion to allow the plaintiffs to attempt to again amend their complaint, but because the plaintiffs had not requested an opportunity do so, the court dismissed the action with prejudice and entered a Final Judgment.[9]

On June 8, 2009, the plaintiffs filed the pending motion to amend the court's judgment pursuant to Federal Rule of Civil Procedure 59(e). The plaintiffs request that the court vacate its Final Judgment and allow them to amend their complaint in order to state their § 5 claims in greater detail.[10]   The plaintiffs also request that the court reconsider and vacate its conclusion that plaintiffs' claims under § 5 of the VRA are wholly insubstantial and completely without merit, and that the court refer the case to a three-judge panel for further consideration of the § 5 claims.

## II.  **Standard of Review**

Generally, a court is not required to grant a motion to alter or amend a judgment under Rule 59(e) unless the moving party (1) clearly establishes a manifest error of law or fact, (2) presents newly

---

[8]Section 5 of the VRA provides that "[a]ny action under this section shall be heard and determined by a court of three judges . . . ." 42 U.S.C. § 1973c(a).  If, however, the plaintiffs' "§ 5 claims are 'wholly insubstantial' and completely without merit, such as where the claims are frivolous, essentially fictitious, or determined by prior case law, a single judge may dismiss the claims without convening a three-judge court." LULAC v. Texas, 113 F.3d 53, 55 (5th Cir. 1997).

[9]Final Judgment, Docket Entry No. 31.

[10]The plaintiffs have included a proposed Second Amended Complaint with their Supplemental Memorandum in Support of Their Motion to Alter the Court's Memorandum Opinion and Order and Final Judgment (Docket Entry No. 33).

-4-

discovered evidence, or (3) demonstrates an intervening change in controlling law. <u>Schiller v. Physicians Resource Group, Inc.</u>, 342 F.3d 563, 567-68 (5th Cir. 2003) (citing <u>Rosenzweig v. Azurix Corp.</u>, 332 F.3d 854, 863-64 (5th Cir. 2003); <u>In re Benjamin Moore & Co.</u>, 318 F.3d 626, 629 (5th Cir. 2002)).  A motion under Rule 59(e) "'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'"  <u>Id.</u> at 567 (quoting <u>Rosenzweig</u>, 332 F.3d at 863-64).

If the party moving under Rule 59(e) requests that the court vacate its judgment in order to give it an opportunity to amend its complaint, the trial court's discretion may be more constrained.  <u>See</u> <u>Rosenzweig</u>, 332 F.3d at 864.  In such a situation, "'the disposition of the plaintiff's motion to vacate under rule 59(e) should be governed by the same considerations controlling the exercise of discretion under rule 15(a).'"  <u>Rosenzweig</u>, 332 F.3d at 864 (quoting <u>Dussouy v. Gulf Coast Inv. Corp.</u>, 660 F.2d 594, 597 n.1 (5th Cir. 1981)).

Rule 15(a) provides that leave to amend should be "freely give[n] . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2).  This standard, however, "is tempered by the necessary power of a district court to manage a case."  <u>Schiller</u>, 342 F.3d at 566 (citing <u>Shivangi v. Dean Witter Reynolds, Inc.</u>, 825 F.2d 885, 891 (5th Cir. 1987)).  A court may deny leave to amend in the event of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the

opposing party . . ., [or] futility of amendment." <u>Foman v. Davis</u>, 83
S. Ct. 227, 230 (1962).  <u>Accord</u> <u>Schiller</u>, 342 F.3d at 566; <u>Rosensweig</u>,
332 F.3d at 864.   Moreover, the court may deny a Rule 59(e) motion
requesting another opportunity to amend a complaint if the proposed
amended complaint is "not based on newly discovered evidence that was
unavailable prior to the district court's judgment . . . ." <u>Schiller</u>,
342 F.3d at 569 (citing <u>Vielma v. Eureka Co.</u>, 218 F.3d 458, 468 (5th
Cir. 2000)).

### III.   <u>Analysis</u>

**A.   Opportunity to Amend Complaint**

The plaintiffs first ask the court to vacate its Final Judgment
to allow them to amend their complaint to state viable claims under §
5 of the VRA.   The plaintiffs include a proposed Second Amended
Complaint with their Supplemental Memorandum in Support of Their Motion
to Alter the Court's Memorandum Opinion and Order and Final Judgment
(Docket Entry No. 33).   They contend that the proposed amended
complaint address the shortcomings identified by the court with regard
to the plaintiffs' § 5 claims.

The plaintiffs' § 5 claims as stated in their First Amended
Complaint were based on two alleged changes to voting practices or
procedures.[11]   First, the plaintiffs alleged that the City Council

---

[11]Section 5 of the VRA requires covered political subdivision
to obtain "preclearance" from the Attorney General or the United
States District Court for the District of Columbia before enforcing
changes to  standards, practices, or procedures "with respect to
voting."  42 U.S.C. § 1973c(a).  The plaintiffs alleged that the
(continued...)

changed the standard for increasing the size of the Council.  They asserted that the prior or "baseline" standard, as expressed in Article V, § 2 of the City Charter, required the Council to increase the size of the Council by two positions upon <u>any</u> determination made pursuant to the Charter indicating that the population had surpassed the 2.1 million person threshold.  The plaintiffs asserted that the defendants changed the standard, such that size of the Council will now only increase upon a determination by the Council pursuant to Article V, § 3, of the City Charter that the population has exceeded 2.1 million people.

Second, the plaintiffs asserted that the City Council had changed its practice for determining the city's population pursuant to Article V, § 3.  The plaintiffs argued that the baseline practice, as mandated by Article V, § 3 of the City Charter, required the population determination to be based upon the "best available data, including, but not limited to, the most recent federal census."  City of Houston Charter, art. V, § 3.  The plaintiffs asserted that the defendants had changed this practice by disregarding the best available data and basing the population determination solely on the most recent federal census data.

In the Memorandum Opinion and Order granting the defendants' motion to dismiss, the court concluded that the plaintiffs' First

---

[11](...continued)
defendants violated § 5 by making two such changes without first obtaining preclearance.

Amended Complaint failed to adequately allege baseline standards or practices against which to compare the alleged new standards or practices for both of the alleged changes.[12]   This was because the plaintiffs looked only to the City Charter to establish the baselines, and failed to allege the prior practices or standards that the city had actually used.[13]   Furthermore, the court concluded that even if the plaintiffs' complaint had adequately alleged baseline practices or standards, the plaintiffs had still failed to state a claim under § 5 because neither of the alleged changes have the requisite "<u>direct relation</u> to voting and the election process."[14]   <u>Presley v. Etowah County Comm'n</u>, 112 S. Ct. 820, 829 (1992) (emphasis added).

The plaintiffs' proposed Second Amended Complaint does not allege new or different changes in voting practices or procedures or otherwise invoke any new legal theories.  As the plaintiffs explain, the proposed

---

[12]Memorandum Opinion and Order, Docket Entry No. 30, at 19-22.

[13]In their supplemental brief the plaintiffs challenge the court's conclusion that a practice or standard cannot qualify as a § 5 baseline unless it has actually been used or followed by the city, and suggest that in this case the baseline should be determined solely by looking to the City Charter, regardless of whether the practice or standard prescribed by the Charter was ever actually followed.  Supplemental Memorandum in Support of Their Motion to Alter the Court's Memorandum Opinion and Order and Final Judgment, Docket Entry No. 33, at 1-3.  The court is not persuaded that its conclusion was erroneous, much less a manifest error of law.  As the court explained in its Memorandum Opinion and Order granting the defendants' motion to dismiss, controlling precedent requires that the baseline "be determined from the practice or standard actually followed by the defendant jurisdiction." Memorandum Opinion and Order, Docket Entry No. 30, at 18 (citing <u>City of Lockhart v. United States</u>, 103 S. Ct. 998, 1003 (1983); <u>Perkins v. Matthews</u>, 91 S. Ct. 431, 440 (1971); <u>LULAC v. Texas</u>, 113 F.3d 53, 55 (5th Cir. 1997)).

[14]Memorandum Opinion and Order, Docket Entry No. 30, at 22-26.

Second Amended Complaint includes more detailed allegations regarding the practices and standards actually employed by the city in the past.[15] Additionally, the plaintiffs offer evidence in support of these new allegations, primarily in the form of articles from the <u>Houston Chronicle</u> and city ordinances dating from the 1980s and early 1990s.[16] The plaintiffs contend that these new allegations remedy the First Amended Complaint's failure to adequately allege baseline standards and practices for the two alleged § 5 changes.

As the defendants point out, however, none of the "new" facts were unavailable before the court dismissed this action.[17]  The plaintiffs, therefore, could have filed the proposed Second Amended Complaint in response to the defendants' motion to dismiss or supplemental motion to dismiss instead of waiting until after the court ruled on the motion and dismissed the action with prejudice.[18]  Accordingly, "plaintiffs did not exercise diligence" and, therefore, should not be allowed to amend their complaint now.  <u>Rosenzweig</u>, 332 F.3d at 865.  <u>See also</u> <u>Schiller</u>,

---

[15]<u>See</u> Supplemental Memorandum in Support of Their Motion to Alter the Court's Memorandum Opinion and Order and Final Judgment, Docket Entry No. 33, at 3-5.

[16]<u>See</u> <u>id.</u> at Exhibits 4 - 6.

[17]City's Response to Plaintiffs' Motion to Alter the Court's Memorandum Opinion and Judgment, Docket Entry No. 34, at 1-3.

[18]The defendants, in support of their motion to dismiss, specifically pointed out that the plaintiffs' failure to adequately allege baselines based on the City's actual practices and procedures.  <u>See</u> Defendants Reply Brief in Support of Its Motion to Dismiss, Docket Entry No. 28, at 3-5, 9.

342 F.3d at 569 ("Because the [proposed amended complaint] was not based on newly discovered evidence that was unavailable prior to the district court's judgment, we find that the district court did not abuse its discretion in denying [the plaintiff's] Rule 59(e) motion.").

Moreover, allowing the plaintiffs to amend their complaint would be futile.  As explained above, the court did not base its conclusion that the plaintiffs had failed to state a claim under § 5 solely on the plaintiffs failure to adequately allege baseline practices or standards.  The court alternatively concluded that even if the plaintiffs had adequately alleged baseline practices or standards, the two alleged changes did not have the "direct relation to voting and the election process" necessary to trigger § 5.  Presley, 112 S. Ct. at 829.  As explained below, the court is not persuaded that this conclusion involved an error of law.  Accordingly, the plaintiffs have still not stated a viable § 5 claim.

B.   **Manifest Error of Law**

The plaintiffs contend that the court's Memorandum Opinion and Order included a manifest error of law.  Specifically, the plaintiffs assert that the court erroneously concluded that "the plaintiffs' § 5 claims are foreclosed by prior case law or are otherwise wholly insubstantial and completely without merit."[19]   Therefore, the

---

[19]Memorandum Opinion and Order, Docket Entry No. 30, at 30 (quoting LULAC, 113 F.3d at 55)(internal quotation marks omitted).

plaintiffs contend that the court erred by dismissing the plaintiffs' § 5 claims without first convening a three-judge court.

The plaintiffs cite the Supreme Court's opinion in Goosby v. Osser, 93 S. Ct. 854, 859 (1973), for the proposition that § 5 claims are not wholly insubstantial and completely without merit unless "prior Supreme Court decisions inescapably render the claims frivolous; previous decisions that merely render claims of doubtful or questionable merit do not render them insubstantial . . . ." The plaintiffs then argue that the their § 5 claims are not inescapably foreclosed by Supreme Court precedent.

In their Motion to Dismiss and supporting brief, the defendants asserted that the plaintiffs' § 5 claims were wholly insubstantial, frivolous, and completely foreclosed by prior Supreme Court case law and urged the court to dismiss the claims without convening a three-judge court.[20]   The plaintiffs, therefore, have already had the opportunity to raise these arguments -- which do not purport to rely on an intervening change in applicable law -- and cannot assert or re-assert them now in the context of a Rule 59(e) motion.  See Schiller, 342 F.3d at 567 (explaining that a Rule 59(e) motion "'cannot be used to raise arguments which could, and should, have been made before the judgment issued'" (quoting Rosenzweig, 332 F.3d at 863-64)).

---

[20]Defendants' Motion to Dismiss, Docket Entry No. 4, ¶ 5; Brief in Support of Defendants' Motion to Dismiss, Docket Entry No. 5, at 1-2.

Moreover, for the reasons explained in the court's Memorandum Opinion and Order granting the defendants' motion to dismiss, the court is not persuaded that it erred by its concluding that the plaintiffs' § 5 claims are wholly insubstantial and completely without merit, much less that it rendered a decision based on a "manifest error of law." <u>Schiller</u>, 342 F.3d at 567; <u>Rosenzweig</u>, 332 F.3d at 863-64.   The two alleged changes on which the plaintiffs base their § 5 claims do not have the "<u>direct relation</u> to voting and the election process" that Supreme Court precedent clearly requires to trigger § 5's preclearance requirements.   <u>Presley</u>, 112 S. Ct. at 829.

## IV.   <u>Order</u>

For the reasons explained above, Plaintiffs' Motion to Alter the Court's Memorandum Opinion and Order and Final Judgment (Docket Entry No. 32) is **DENIED**.

**SIGNED** at Houston, Texas, on this the 3rd day of August, 2009.

SIM LAKE
UNITED STATES DISTRICT JUDGE

-12-